# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| POWERS DISTRIBUTING COMPANY, INC, <br><br> Plaintiff, <br><br> v. <br><br> GRENZEBACH CORPORATION and MATERIAL HANDLING TECHNOLOGIES, INC, <br><br> Defendants. | Case No. 16-12740 <br> Hon. Terrence G. Berg |

## OPINION AND ORDER GRANTING DEFENDANT GRENZEBACH'S MOTION TO DISMISS (DKT. 12) AND DISMISSING THE CASE AS TO DEFENDANT MATERIAL HANDLING TECHNOLOGIES, INC.

## I. Introduction

Defendant Grenzebach Corporation moves to dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the parties' dispute must be arbitrated. Grenzebach previously moved to dismiss on the same ground, Dkt. 3, but the Court denied the motion without prejudice and gave Plaintiff the opportunity to amend its complaint to remedy the defects the Court identified in the original complaint, which had failed to distinguish between contractual obligations

subject to arbitration and others which were not. Dkt. 9. Because Plaintiff's First Amended Complaint (Dkt. 10) also fails to state a claim that could be maintained without reference to the Grenzebach contracts and their mandatory arbitration provisions, Grenzebach's motion is **GRANTED** and the case against it is **DISMISSED**. And because Plaintiff asked only to amend its complaint to correct errors of ambiguity, not to add another party, the case against Defendant Material Handling Technologies, Inc. ("MHT") is **DISMISSED WITHOUT PREJUDICE**.

## II. Background

A more detailed statement of this case's background appears in the Court's order on Grenzebach's first motion to dismiss. Dkt. 9. In short, Plaintiff purchased from MHT a computerized system to operate Plaintiff's warehouse more efficiently. Dkt. 9, Pg. IDs 384-386. Plaintiff alleges that the original system had issues and never operated properly. Dkt. 9, Pg. IDs 384-386. Through some sort of transfer—Plaintiff alleges it was an outright purchase of the entire business line while Grenzebach contends it was simply an asset purchase—Grenzebach took MHT's place as the supplier of such systems, and then sold Plaintiff two upgrades to the system. Dkt. 9, Pg. IDs 384-386. Plaintiff alleges that these upgrades also had issues and that the system never operated effectively after the upgrades. Dkt. 9, Pg. IDs 384-386.

Plaintiff originally sued Grenzebach, but not MHT, for breach of contract, breach of express and implied warranties, innocent misrepresentation, negligent misrepresentation, silent fraud, and indemnification. Dkt. 1-1, Pg. IDs 23-30. In its complaint, Plaintiff treated the three contacts at issue (the contract between Plaintiff and MHT for the original system; the contract between Plaintiff and Grenzebach for the first upgrade; and the contract between Plaintiff and Grenzebach for the second upgrade) as a single contract. Dkt. 9, Pg. IDs 384-386. This was important because the contract between Plaintiff and MHT did not have an arbitration provision, but the contracts between Plaintiff and Grenzebach did—and Grenzebach was seeking to send the entire case to arbitration. Dkt. 9, Pg. IDs 384-386.

At the hearing on Grenzebach's motion to dismiss, Plaintiff's counsel asked for leave to amend the complaint if the Court found the allegations insufficiently pleaded. The Court issued an order explaining why Plaintiff's allegations as pleaded would require the Court to send the case to arbitration, but gave Plaintiff leave to file an amended complaint that properly separated the contractual obligations and the claims Plaintiff was making under each contract. Dkt. 9, Pg. ID 398. Plaintiff filed an amended complaint that not only added detail to its allegations but also added a new Defendant: MHT. Grenzebach moved to dismiss. Plaintiff opposed the motion.

3

Having reviewed the briefs, the Court concludes that oral argument would not assist the Court in resolving Grenzebach's motion.

### III. Standard of Review

A Rule 12(b)(1) motion attacks a complaint either facially or factually. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the complaint itself, which requires a court to take as true all material allegations in the complaint and to construe those allegations in the light most favorable to the plaintiff. *Id.* at 598. A factual attack, however, challenges the factual existence of subject matter jurisdiction. A court analyzing a factual attack therefore need not accept as true the complaint's factual allegations, but instead must weigh any evidence properly before it. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986). Defendant argues that arbitration is the appropriate forum in which to settle this dispute. The complaint itself stands for Plaintiff's allegation that a court of law is the appropriate forum in which to settle this dispute. Thus Defendant's motion here is a factual attack questioning the factual existence of subject matter jurisdiction.

## IV. Analysis

Plaintiff's amended complaint brings the same causes of action contained in the original complaint:

  I. Breach of Contract;
  II. Breach of Express and Implied Warranties;
  III. Innocent Misrepresentation;
  IV. Negligent Misrepresentation;
  V. Silent Fraud; and
  VI. Indemnification.

Dkt. 1-1. Pg. IDs 23-32.

Grenzebach argues that even under the amended complaint and Plaintiff's altered allegations, the claims must go to arbitration because none of the claims could be maintained without reference to the upgrade agreements. Dkt. 12, Pg. IDs 597-604. Plaintiff responds that it never agreed to submit disputes involving the entire system to arbitration. Dkt. 15, Pg. ID 715-724.

The Court will analyze the amended claims under the same framework it used to analyze the original claims: the Court will examine "which agreement determines the scope of the contested obligations," *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007), and to better make that determination the Court will "ask if [the] action could be maintained without reference to the contract or relationship at issue." *Fazio v. Lehman Bros., Inc.*, 340

F.3d 386, 395 (6th Cir. 2003). Plaintiff complains that this approach creates a "rigid mechanical test" that when applied to this case is "extremely problematic" because the facts of this case differ from the facts in *Nestle* and *Fazio*. Dkt. 15, Pg. IDs 717-721.

What makes this case problematic for Plaintiff, however, is not the Court's analysis, but rather the manner in which the complaint is pleaded. There are three contracts: (1) the contract between Plaintiff and MHT for the original system; (2) the contract between Plaintiff and Grenzebach for the first upgrade; and (3) the contract between Plaintiff and Grenzebach for the second upgrade. Dkt. 9, Pg. IDs 385-386. The first contract lacks an arbitration clause, while the second and third contracts have such provisions. Dkt. 9, Pg. IDs 385-386. So any cause of action arising solely out of obligations created by the first contract (which did not relate to the second and third contracts) would survive application of the *Nestle* and *Fazio* frameworks. Plaintiff's argument about retroactively applying the arbitration agreement would be well taken as to such a cause of action. But any cause of action that required reference to the second and third contracts would fail under the *Nestle* and *Fazio* frameworks.

In Plaintiff's original complaint, it referred to the three separate contracts as a single contract. Dkt. 9, Pg. ID 392. The Court pointed

6

out that Plaintiff had conflated obligations arising from the separate contracts, and gave Plaintiff an opportunity to amend its complaint to correct the error and to separate its claims stemming from obligations created by the first contract from its claims stemming from obligations created by the second and third contracts. Dkt. 9, Pg. ID 398. Unfortunately, each cause of action in the amended complaint still references the second and third contracts:

- Plaintiff's first cause of action (breach of contract) alleges that MHT and Grenzebach failed to provide to Plaintiff "a case picking system **and upgrades** that conformed to [the original contract and the upgrade contracts]." Dkt. 10, Pg. ID 421 (emphasis added).
- Plaintiff's second cause of action (breach of express and implied warranties) alleges that "[t]he case picking system **and upgrades** supplied by MHT and Grenzebach did not conform to" the express and implied warranties the companies provided Plaintiff. Dkt. 20, Pg. ID 423 (emphasis added).
- Plaintiff's third cause of action (innocent misrepresentation) alleges that MHT and Grenzebach misrepresented "that the system **and software upgrades** would be completed and would function properly." Dkt. 10, Pg ID 425 (emphasis added).
- Plaintiff's fourth cause of action (negligent misrepresentation) alleges that MHT and Grenzebach misrepresented "that the system **and software upgrades** would be completed." Dkt. 10, Pg. ID 427 (emphasis added).
- Plaintiff's fifth cause of action (silent fraud) alleges that MHT and Grenzebach failed to disclose "that

7

> there was incompatibility among the various systems, equipment, software **and software upgrades**." Dkt. 10, Pg. ID 430 (emphasis added).
> - And Plaintiff's final cause of action (indemnification) alleges that Plaintiff has incurred costs as a result of MHT's and Grenzebach "breaches described above" (which includes the breaches of obligations triggered by the upgrade contracts).

Plaintiff's amended complaint fails to separate the alleged breaches and misrepresentations arising under the first contract (which was only for the case-picking system, and had no arbitration clause) from the alleged breaches and misrepresentations arising under the second and third contracts (which were for the case-picking system upgrades, and had arbitration clauses). Instead, the allegations remain grouped together. The Court knows of no authority that would permit the Court to reform the complaint and to split one claim into multiple claims. Without such authority, each claim as drafted cannot be maintained without reference to the upgrade contracts—which contain arbitration provisions—meaning the Court must send the claims to arbitration.

The Court must also note a situation the Sixth Circuit has warned of "in which opportunistic parties [seek] to apply arbitration clauses from later agreements to conduct arising out of earlier agreements." *Nestle*, 505 F.3d at 506. Had Plaintiff included causes of action that involved only the obligations triggered by the original

8

contract, and had Grenzebach argued that the later upgrade agreements' arbitration clauses applied to conduct arising out of the earlier agreement, the teaching of *Nestle* on this point would arguably apply, as Grenzebach would appear to be acting as an opportunistic party. But the opposite has happened; Plaintiff's allegations lump together obligations arising from three separate contracts. If Plaintiff's refusal to distinguish its claims arising under the first contract from those arising under the latter two contracts resulted in the Court's denial of Grenzebach's motion to dismiss, Plaintiff would be able to avoid having to arbitrate disputes (those arising from the upgrade agreements) that it agreed to arbitrate.

Finally, at oral argument, when Plaintiff requested leave to amend its complaint to correct any ambiguity about which contractual obligations Plaintiff was alleging Grenzebach breached, that request did not include a request to add additional parties. The Court therefore finds that Plaintiff, by adding MHT, exceeded the scope of the Court's leave to amend. The case as to MHT is therefore **DISMISSED WITHOUT PREJUDICE**.

## V. Conclusion

For the reasons outlined above, the claims as drafted are subject to arbitration. Defendant's Motion to Dismiss is **GRANTED**. The case is **DISMISSED** as against Grenzebach and **DISMISSED WITHOUT PREJUDICE** as against MHT. Plaintiff and Grenzebach must resolve their disputes at arbitration, and this case is closed. The Court will retain jurisdiction to enforce any arbitration award, and the parties may seek to re-open the case for such a purpose.

**SO ORDERED.**

Dated: July 12, 2017         s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 12, 2017.

                             s/A. Chubb
                             Case Manager